COMPLAINT UNDER 42 USC §1983, CIVIL RIGHTS ACT-TDCJ-ID (Rev. 2/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
JAN - 3 2012
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

Travis Lee Eells  43028
Plaintiff's Name and ID Number

Kerr Co. Jail
Place of Confinement

CASE NO. SA12CA0012XR
(Clerk will assign the number)

V.

Rusty Heirholzer  400 clear water Paseo Kerrville TX. 78028
Defendant's Name and Address

Sylvia Foraker  400 clear water Paseo Kerrville TX. 78028
Defendant's Name and Address

Andrea Blizzard  400 clear water Paseo Kerrville TX. 78028
Defendant's Name and Address
(DO NOT USE "ET AL.")

Tim O'neil  400 clear water Paseo Kerrville TX. 78028

emilio Vasquez  400 clear water Paseo Kerrville TX. 78028
Daryl Godwin  400 clear water Paseo Kerrville TX. 78028
stuart Gross  400 clear water Paseo Kerrville TX. 78028
Vivke Singh  400 clear water Paseo Kerrville TX. 78028

INSTRUCTIONS - READ CAREFULLY

NOTICE:

Your complaint is subject to dismissal unless it conforms to these instructions and this form.

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the Clerk of the United States Court for the appropriate District of Texas in the Division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. The list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate District Court, the Division and an address list of the Divisional Clerks.

## FILING FEE AND IN FORMA PAUPERIS

1. In order for your complaint to be filed, it must be accompanied by the filing fee of $350.00.

2. If you do not have the necessary funds to pay the filing fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis (IFP)*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six (6) month history of your Inmate Trust Account. You can acquire the application to proceed IFP and appropriate Inmate Account Certificate from the law library at your prison unit.

3. 28 U.S.C. 1915, as amended by the Prison Litigation Reform Act of 1995 (PLRA), provides, "...if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." Thus, the Court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the Court will apply 28 U.S.C. 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your Inmate Account, until the entire $350 filing fee has been paid.

4. If you intend to seek *in forma pauperis* status, then do not send your complaint without an Application to Proceed IFP, and the Certificate of Inmate Trust Account. Complete all the essential paperwork before submitting it to the Court.

5. **The complaint can not exceed 20 pages which includes all attachments.**

## CHANGE OF ADDRESS

It is your responsibility to inform the Court of any change of address and its effective date. Such notice should be marked "**NOTICE TO THE COURT OF CHANGE OF ADDRESS**" and shall not include any motion(s) for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:

  A. Have you filed *any* other lawsuits in state or federal court relating to your imprisonment? ___YES ✓ NO

  B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

   1. Approximate date of filing lawsuit: _____
   2. Parties to previous lawsuit:
      Plaintiff(s) _____
      Defendant(s) _____
   3. Court: (If federal, name the district; if state, name the county.) _____
   4. Docket Number: _____

5. Name of judge to whom case was assigned: _____

6. Disposition: (Was the case dismissed, appealed, still pending?)
   _____

7. Approximate date of disposition: _____

II. PLACE OF PRESENT CONFINEMENT: Kerr Co. Jail 400 Clear Water Paseo Kerrville TX 78028

III. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Travis Lee Eells 400 Clear Water Paseo Kerrville TX. 78028

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: Rusty Heirholzer, County Sheriff, Kerr Co. Jail, 400 Clear Water Paseo Kerrville TX. 78028

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you. As Sheriff of this facility, he failed to ensure my safety, or to impliment propper protocal to his employee's which lead to my Gross negligence.

Defendant #2: Sylvia Foraker, Jail administrator, Kerr Co. Jail, 400 Clear Water Paseo Kerrville TX. 78028

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you. Decided to ignore my cry-out for help, Denying me relief or safety from myself, on multiple occasions, her in-action and neglect lead to extreme emotional and mental distress, and a failed suicide attempt I still haven't found any relief, and continue to endure extreme mental & emotional distress.

Defendant #3: Andrew Blizzard, assistant administrator, Kerr Co. Jail, 400 Clear Water Paseo Kerrville TX. 78028

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you. Decided to ignore my cry-out for help, neglecting my mental health needs and safety on multiple occasions, this neglect caused me extreme emotional and mental distress which contributed to my failed suicide attempt.

Defendant #4: Emilio Vasquez, Correctional Officer, Kerr Co. Jail, 400 Clear Water Paseo Kerrville TX. 78028

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you. Ignored my cry-out for help, and contributed by his neglect, to the continuing deterioration of my mental state, causing me extreme mental and emotional distress which lead to my failed suicide attempt.

Defendant #5: Stuart Gross, Shift Sgt., Kerr Co. Jail, 400 Clear Water Paseo Kerrville TX. 78028

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you. Ignored my cry-out for help, and contributed by his neglect to the continuing deterioration of my mental state, causing me extreme mental and emotional distress which lead to my failed suicide attempt.

Please also see Attachment Ⓐ

3

Attachment A   1 of 1

Parties to this Suit Continued:

Defendant #6 | Daryl Godwin; Correctional Officer; Kerr Co. Jail; 400 Clearwater Paseo Kerrville TX. 78028
- Used illegal restraint technique on me while I was unconciouss by attempting to break my fingers.

Defendant #7 | Unidentified Correctionall Officer; Kerr Co. Jail; 400 Clearwater Paseo Kerrville, TX. 78028
- Used illegal restraint technique on me while I was un-conciouss by choking me and using pressure points in my neck, after I was hanging by the neck.

Defendant #8 | Tim O'neil; Medical Staff; Kerr Co. Jail; 400 Clearwater Paseo Kerrville TX. 78028
- Failed to take any action when I made him aware of my mental state. Neglected my needs which contributed to the continuing deterioration of my mental state causing me extreme emotionall and mental distress which lead to my failed suicide attempt. Still has failed to meet my MHMR needs.

Defendant #9 | Vivke Singh; Facillty Sphycologist; Kerr Co. Jail; 400 Clearwater Paseo Kerrville TX. 78028
- On multiple occasions has denied me mental-health assistance, contributing to the deterioration of my mental-state, causing me extreme emotionall and mental distress, which lead to my failed suicide attempt. To this day, denies me adequate mental-health attention.

IV. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember that the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

Please see Attachment B 1-3.

RELIEF: State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

adequate attention to my MHMR needs, Propper Reprimands to employee's where neccessary, for facility to be made to properly acomodate mental-health patients, monetary damages for mental and emotional distress. Termination of employee's who by neglect, endangered my life.

V. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases:

Travis Lee Eells

B. List all TDCJ-ID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you, if known to you.

TDCJ # 1491059   Sid # 43028

VI. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed?   ____YES  ✓ NO

B. If your answer is "yes", give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that imposed sanctions (if federal, give the district and division): _____
   2. Case Number: _____
   3. Approximate date sanctions were imposed: _____
   4. Have the sanctions been lifted or otherwise satisfied?   ____YES  ____NO

4

attachment 1 of 3

**Claim #1** • On or around August 25th, 2011; The medical staff Vivke Singh denied me propper attention for my mental-health issues.

**Claim #2** • On or around August 29th, 2011; I was put in Seperation, where my 1st expression of my debilitating mental state, by means of a cry-out for relief from suicidal thoughts ended in me being put in the violent tank. This incident made the administration and medical staff aware of my un-stable mental state as well as my suicidal tendencies. I was still not given the propper attention to my mental-health issues, and continued debilitating.

**Claim #3** • On or around October 24th, 2011; I was put in Seperation for an incident report. I made the assistant administrator Andrew Blizzard aware of the extreme effects of Solitary Confinement on my mental-state and Mental-health upon my entrance into Seperation for the 30 day period given. I periodically made attempts to seek relief from a downward-spiral and breakdown of my mental-state through means of talking to medical-staff. I also put a request form in to speak to Jail Administrator Sylvia Forsher, to make her aware of my debilitating state of mind and to seek any form of relief. I was never given a response or an opportunity to talk to her. Their lack of attention or ment care for my mental-state or well-being caused me to despair on any tangible form of relief, and I continued to endure extreme mental and emotionall anguish which only got worse through time. Throughout my stay in seperation I battled daily with suicide, but for fear of further torment by the facility staff for admittence of mental-Duress, I kept my suicidal thoughts to myself and endured the pain for the duration of the seperation sentence. Due to my prior suicidal episode and mental-health issues, I should have never been put into solitary confinement. The facility administration neglected my mental-health needs and safety by doing so despite their awareness of my mental-state and suicidal tendencies. Because of their awareness, I am claiming neglect, cruel and un-usuall punishment, and abuse to an inmate.

Claim #4 • On 12/4/11, I was in tank 12 and was in a painfully un-stable state of mind, and had been enduring such since August, 2011, without relief. The level of mental and emotional anguish had reached a critical point of which I couldn't bear any longer. I made C.O. Mathew Cathey aware of such, by telling him I was not ok., and that I needed to talk to someone. He said he would make Rank aware of such and see what he could do. I made him aware of my twisted state of mind to the extent that he knew I was in extreme mental and emotional distress, and that I was having un-healthy thoughts. He never reported my condition to rank or made any attempt to offer me any relief, or insured my safety from myself by implimenting the facilities protocal for dealing with a suicidal inmate. This same day and during the same time-span, I pushed the emergency button multiple times, and spoke with Sgt. Stuart Gross making him aware of my crucial state of mind, and requesting to be taken out of the tank and put in observation holding. He said three different times that he was on his way but never pulled me out or offered me any relief, or insured my safety by implimenting the protocal for dealing with a suicidal inmate. Both guards are aware of my suicidal tendencies, due to past incidents, and neglected my needs as a mental-health patient, and also neglected my safe-keeping. Their in-action contributed to the continuing deterioration of my mental-state which lead to my failed suicide attempt the following day.

Claim #5 • On 12/5/11, I was in tank 12, and still in an extremely painfull and un-stable state of mind. I got some bad news about not being able to recieve a visit from my family, which set me over the edge mentally. I got in a discussion with C.O. Emilio Vasquez over the status of my visitation and throughout the course of our conversation, I made him aware that I was not ok, and that I was in extreme mental and emotional anguish and made him aware of the severeness of my mental-state. I verbally asked him to get an administrator, either Sylvia Forsyther or Andrew Blizzard, so I could request to be put in observation holding as a means to subdue my debilitating state of mind and to see if there was any other form of relief to be offered. I let him know it was an emergency. He said he would make the administration aware of the situation. He failed to in fact (cont.)

**Claim #5 (cont.)** • ..... make the administration aware. By not taking any action, he neglected my needs and my safety, as well as his duties as a correctional officer. Throughout this same shift, I made C.O. Mark Nauman, C.O. Sheri Humes, and medical staff Tim O'neil, blatantly aware of my state of mind, and desperately begged for any form of relief and to speak to an administrator. Each employee verbally said that they would make the administrator's aware of the situation, but failed to take any action whatsoever. By not taking any action they neglected my needs and safety, as well as their duties as correctional officer's. This same shift, I even went to the extreme in my desperation to seek relief, that I turned in a formal request for the attention of Sylvia Faraker and/or Andrew Blizzard, making them aware of my debilitating and critical state of mind — stating blatently that I was not ok. and that I needed help. I gave the request to C.O. Sheri Humes and she successfully delivered it to the administrator's. They decided to neglect my cry-out for help, and due to their in-action, I continued to deteriorate and despair emotionally and mentally, and that same night I hung myself.

**Claim #6** • On 12/5/11, I had attempted suicide by hanging myself. I hung by the neck until I went un-conciouss, and when I woke up I was cut down and being restrained on the ground. When I came into awareness enough, I noticed C.O. Daryl Godwin had my index and middle fingers in his hands, and was using them to restrain me. He was bending them back to the point that I remember thinking he was going to break them. I yelled at him multiple time's saying "your going to break my fingers", he responded by bending them back even further and stating to me "I'm trying to break them". His techniqhe for subduing an un-conciouss suicide victim was not in accord with protocol but abuse and excessive use of force, and due to his verballized intentions of breaking my fingers, assault. During this same incident of Restraint an officer had grabbed me by the neck, pushing my head against the ground and putting their fingers into my pressure point. I don't know the guards name but one of the witnesses should know. Their technique to subdue me was not in accord with protocol and was excessive use of force and abuse to an inmate.

C. Has any court ever warned or notified you that sanctions could be imposed?   ____YES  ✓ NO

D. If your answer is "yes", give the following information for every lawsuit in which warning was imposed. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that imposed warning (if federal, give the district and division): _____

   2. Case Number: _____

   3. Approximate date warnings were imposed: _____

Executed on: 12/25/11
                  DATE

_____
(Signature of plaintiff)

---

PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand if I am released or transferred, it is my responsibility to keep the Court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand that I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions in a Court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire $350 filing fee and costs assessed by the Court, which shall be deducted in accordance with the law from my inmate account by my custodian until the filing fee is paid.

Signed this Twenty Fifth day of December, 20 11.
            (Day)                  (month)              (year)

_____
(Signature of plaintiff)

WARNING: The Plaintiff is hereby advised any false or deliberately misleading information provided in response to the following questions will result in the imposition of sanctions. The sanctions the Court may impose include, but are not limited to monetary sanctions and/or the dismissal of this action with prejudice.

5