IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TRAVIS LEE EELLS 43028 | § | |
| VS. | § | CIVIL NO. 5:12-cv-00012-XR-NSN |
| RUSTY HEIRHOLZER, SYLVIA FORAKER, ANDREW BLIZZARD, EMILIO VASQUEZ, DARYL GODWIN, STUART GROSS, VIVKE SINGH, TIM O'NEIL AND UNIDENTIFIED CORRECTIONAL OFFICER | § § § | |

## DEFENDANT VIVKE SINGH'S ORIGINAL ANSWER

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Now comes VIVKE SINGH, one of the Defendants in the above styled and numbered cause, and files this his Original Answer as follows:

## ADMISSIONS & DENIALS

1. Defendant is without sufficient knowledge to admit or deny the allegations set forth in section I of Plaintiff's Original Complaint.[1]

2. Defendant is without sufficient knowledge to admit or deny the allegations in section II of Plaintiff's Original Complaint.

3. With respect to section III, Defendant admits he is referenced by name as a defendant to this lawsuit. However, Defendant denies the specific allegations against him as outlined in attachment A to Plaintiff's Original Complaint. Defendant is otherwise without sufficient knowledge to admit or deny the remaining allegations set forth in this section.

---

[1] In his Original Complaint, Plaintiff did not set forth his averments in numbered paragraphs as required by Rule 10(b) of the Federal Rules of Civil Procedure, and therefore, Defendant cannot respond to Plaintiffs' allegations by paragraph number. For purposes of this Original Answer, Defendant refers to Plaintiffs' allegations by the corresponding section number.

4. As to section IV, including attachment B 1-3, Defendant denies the allegations outlined in claim #1 and claim #2. Defendant is without sufficient knowledge to admit or deny the allegations contained in claims #3, #4, #5, and #6. Further, Defendant is without sufficient knowledge to admit or deny the allegations contained in subsection "relief" within section IV.

5. Defendant is without sufficient knowledge to admit or deny the allegations contained in section V of Plaintiff's Original Complaint.

6. Defendant is without sufficient knowledge to admit or deny the allegations contained in section IV of Plaintiff's Original Complaint.

**DEFENSES**

7. Defendant specifically pleads that the civil liability of Defendant, if any, for non-economic damages is limited in accordance with the provisions of Chapter 74, Subchapter G., Sec. 74.301-74.302, Texas Civil Practice & Remedies Code.

8. The care and treatment provided by Defendant was, at all times and in all respects, in conformity with the applicable standards of care.

9. Plaintiff's alleged injuries and damages, if any, were the result of pre-existing and/or subsequent conditions, and not the result of acts or omissions of Defendant or any other persons or entities.

10. Alternatively, and without waiving the foregoing, Plaintiffs' alleged injuries and damages, if any, were the result of natural conditions and/or events, which were not within the control of Defendant, and not the result of acts or omissions of Defendant or any other persons or entities, therefore legally constituting "unavoidable accident", as that term has been applied by the courts.

11. Alternatively, and without waiving the foregoing, Plaintiff's alleged injuries and damages, if any, were proximately caused by the acts and/or omissions of other persons or entities over which

Defendant had no control, thus constituting sole proximate cause or, alternatively, new and intervening cause.

12. Defendant further avers, should Plaintiff compromise or settle any claims and/or causes of action against any other person or entity, arising from the claims alleged in this lawsuit, Defendant reserves the right and option to receive a settlement credit, and any other appropriate relief, with respect to such settlement in accordance with Chapters 32 and 33 of the Texas Civil Practice and Remedies Code. Defendant pleads for all other relief, whether by contribution or credit, available under Chapter 33.01, *et seq*., of the Texas Civil Practice and Remedies Code.

13. Defendant further avers in the alternative that Plaintiff has failed to exhaust his administrative remedies related to this alleged incident, and therefore does not have standing to pursue this matter.

## JURY DEMAND

14. Defendant demands a trial by jury on all issues in this lawsuit.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays this Court to render judgment that Plaintiff take nothing, dismiss Plaintiff's suit with prejudice, assess costs against Plaintiff, award Defendant attorney's fees, and for such other, further relief, both in law and equity, to which Defendant may show himself justly entitled.

Respectfully submitted,

THORNTON, BIECHLIN, SEGRATO,
   REYNOLDS & GUERRA, L.C.
One International Centre
100 N.E. Loop 410, Suite 500
San Antonio, Texas 78216
Telephone: (210) 342-5555
Facsimile: (210) 525-0666

BY: _____
      Michael H. Wallis
      State Bar No. 24033426
      Attorneys for Defendant
      VIVKE SINGH

## **CERTIFICATE OF SERVICE**

I hereby certify that on the ___**29th**___ day of ___**February**___, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

> Mr. Charles S. Frigerio
> Attorney at Law
> Riverview Towers
> 111 Soledad, Suite 840
> San Antonio, Texas 78205

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

> Travis L. Eells 43028
> Kerr County Jail
> 400 Clear Water Paseo
> Kerrville, Texas 78028

_____
Michael H. Wallis